107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus GUMBAN, Plaintiff-Appellant,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; San Francisco
Unified School District, Defendants-Appellees.
 No. 96-15236.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Gumban appeals pro se the district court's 28 U.S.C. § 1915(e)(2)(B)(i)[1] dismissal of his action alleging employment discrimination against his former employer, the San Francisco Unified School District, and the Equal Employment Opportunity Commission. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 34 (1992), and we reverse and remand.
 
 
 3
 Here, the district court dismissed Gumban's prior case without prejudice. The dismissal was based on the inability of Gumban to secure counsel and Gumban's representation to the district court that he could not represent himself.[2] The district court stated that Gumban could refile his action if he was able to retain counsel. After being unable to secure counsel, and because the applicable statute of limitations was allegedly about to run in his action, Gumban filed a second complaint. As the district court stated, "[the] complaint appears to be a mere photocopy of [Gumban's] earlier complaint, with plaintiff's name and pro se status substituted for his attorney's name." Due to the duplicative nature of Gumban's second complaint, the district court dismissed Gumban's action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
 
 
 4
 An in forma pauperis complaint may be dismissed if it is frivolous or malicious. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995). Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties based on the same cause of action. Montana v. United States, 440 U.S. 147, 153 (1979). Generally, a dismissal pursuant to section 1915(e)(2)(B)(i) is not a dismissal on the merits. Denton, 504 U.S. at 34. Nevertheless, it can have a res judicata effect on frivolousness determinations for future in forma pauperis actions. Id. By dismissing Gumban's second action as being duplicative of the first action, the district court abused its discretion. The district court did not dismiss Gumban's first action by determining that it was frivolous or malicious. The district court dismissed Gumban's first action without prejudice because Gumban did not have counsel and Gumban stated that he could not represent himself. Accordingly, dismissal was improper. See 28 U.S.C. § 1915(e)(2)(B)(i).
 
 
 5
 REVERSED and REMANDED.
 
 
 6
 HAWKINS, Circuit Judge, dissenting.
 
 
 7
 Judge Hawkins respectfully dissents.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed pursuant to 28 U.S.C. § 1915(d). On April 26, 1996, former section 1915(d) was redesignated 1915(e) by the Prison Litigation Reform Act, Pub.L.No. 104-134, 110 Stat. 1321 (1996). The portion of section 1915(d) that allowed district courts to dismiss frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i) (1996)
 
 
 [2]
 Gumban's original attorney withdrew from the case in May 1995